UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| SANTIAGO FELIPE FELIPE, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00026-LEW |
| | ) | |
| DERRICK STAMPER, et al., | ) | |
| | ) | |
| Respondents | ) | |

### ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Santiago Felipe Felipe's Petition for Writ of Habeas Corpus (ECF No. 1). Petitioner seeks release from immigration detention. Respondent Derrick Stamper, Chief Patrol Agent of the Houlton Sector, U.S. Border Patrol, and the other federal respondents oppose the Petition. For the following reasons, the Petition is granted.

### BACKGROUND

Petitioner is a national of Guatemala. According to his Petition, he entered the United States between ports of entry without status sometime in 2012 and has resided in the United States since that date. Petitioner's current residence is in Framingham, Massachusetts. U.S. Customs and Border Patrol agents detained Petitioner in Bethel, Maine, on January 15, 2026, where he was working on a construction project. Petitioner asserts that ongoing detention without an opportunity for release on bond violates the Due Process Clause and a standing order of the United States District Court for the District of

Massachusetts, *Guerrero Orellana v. Moniz*, 1:25-cv-12664 (D. Mass. Dec. 19, 2025), which granted relief to a class of persons subject to detention pending removal proceedings.[1]

On January 19, 2026, the Court issued an Order to Show Cause (ECF No. 5) that directed the Respondents to address the merits of the Petition. *See* 28 U.S.C. § 2243. In their Response (ECF No. 6), Respondents maintain that Petitioner is subject to mandatory detention pending the completion of removal proceedings under 8 U.S.C. § 1225(b)(2), but acknowledge that that assertion is contrary to local precedent.

## DISCUSSION

The lawfulness of immigration detention is subject to review by, and unlawful detention is subject to remedy in, a United States District Court under 28 U.S.C. § 2241. The exercise of jurisdiction over this matter is proper because it presents a challenge to the lawfulness of detention and does not otherwise challenge the underlying removal proceedings. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Kong v. United States*, 62 F.4th 608, 614 (1st Cir. 2023) (quoting *Aguilar*, 510 F.3d at 11); *Hernandez-Lara v. Lyons*, 10 F.4th 19, 33 (1st Cir. 2021). The petitioner must prove illegal detention by a preponderance of the evidence. *See Aditya W.H. v. Trump*, 2025 WL 1420131, at *7 (D. Minn. 2025) (collecting authority).

---

[1] The scope of the relief awarded in *Guerrero Orellana* extends to mandatory detentions of similarly situated noncitizens under 8 U.S.C. § 1225(b)(2)(A) "who are either detained within Massachusetts or subject to the jurisdiction of an immigration court in Massachusetts." *Guerrero Orellana v. Moniz*, 2025 WL 3687757, at *1 (D. Mass. Dec. 19, 2025).

Based on the factual assertions contained in the Petition and the Federal Respondent's failure to oppose any of the factual assertions, I find that Petitioner has resided in the United States for two years or more and that he entered the United States without admission or inspection. Given these circumstances and based on the district court decisions discussed in the parties' submissions—precedent that they and the Court are well aware of concerning multiple recent habeas petitions, injunctions, and writs granted in this Court—I summarily grant habeas relief without a hearing, conditioned on Petitioner's prompt receipt of a bond hearing by an immigration judge.[2]

## CONCLUSION

For the foregoing reasons, the Petition for a writ of habeas corpus is GRANTED (ECF No 1). It is HEREBY ORDERED that in order for Respondents to continue detaining Petitioner they must hold a hearing within 7 days before an immigration judge to consider Petitioner's request for release on bond pending the conclusion of his removal proceedings. If a bond hearing is held, Respondents will release Petitioner on bond unless the Government carries the burden prescribed by the First Circuit in *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021). If a hearing is not scheduled within that timeframe, Respondents will release Petitioner and his release will be subject to all conditions imposed under the Order of Release and Recognizance. During the 7-day period, removal of Petitioner from the District of Maine while he remains subject to detention is ENJOINED except to enable his attendance at a bond hearing in the District of Massachusetts, if that is

---

[2] *See, e.g.*, *Chogllo Chafla v. Scott*, 2:25-cv-00437-SDN, 2025 WL 2688541 (D. Me. Sept. 22, 2025); *Bermeo Sicha v. Bernal*, 25-cv-00418-SDN, 2025 WL 2494530 (D. Me. Aug. 29, 2025).

where the hearing is held.  Petitioner's Motion for Temporary Restraining Order (ECF No. 3) is DISMISSED AS MOOT.

**SO ORDERED.**

Dated this 20th day of January, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge